# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE COBIA-KNIGHT, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL,[1] | : | No. 20-233 |
|     Defendant. | : | |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                                                       **June 12, 2020**
**U.S. Magistrate Judge**

Plaintiff Nicole Cobia-Knight alleges the Administrative Law Judge ("ALJ") erred in denying her Supplemental Social Security Income ("SSI") benefits by improperly weighing the medical opinion evidence and failing to consider her testimony about limitations from fatigue. Pl. Br. at 2, 14.  For the reasons explained below, I deny Cobia-Knight's claims.[2]

Cobia-Knight alleges she is unable to work due to concentration and memory issues associated with her post-traumatic stress disorder ("PTSD"), bipolar disorder, major depressive disorder, fatigue, and grief.  R. at 8, 220.  After reviewing her record and hearing Cobia-Knight's testimony, the ALJ determined Cobia-Knight is not able to perform any past relevant work due to severe impairments from, <u>inter alia</u>, PTSD and bipolar disorder.  <u>Id.</u> at 15, 23.  The ALJ, however, found Cobia-Knight does have the residual functional capacity ("RFC") to perform

---

[1]     Pursuant to Fed. R. Civ. P. 25(d) and 42 U.S.C. § 405(g), Saul was automatically substituted into cases brought against the Commissioner upon his appointment.

[2]     Cobia-Knight consented to my jurisdiction on January 22, 2020 (doc. 6), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018).  <u>See also</u> <u>Roell v. Withrow</u>, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

unskilled work with routine/repetitive tasks, infrequent changes in the workplace, and few variables where the complex tasks are taught by demonstration and require minimal judgement. Id. at 18.

I.   Medical Opinion Evidence

Cobia-Knight claims the ALJ overestimated her RFC because she improperly weighed the medical opinion evidence and did not support the decision to give her treating physician's and consultative examiner's opinions little weight with substantial evidence.  Pl. Br. at 8–12.

I must accept all ALJ findings of fact that are supported by substantial evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000); see also 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence").  I "review the record as a whole to determine whether substantial evidence supports a factual finding," Zirnsak v. Colvin, 777 F.3d 607, 610 (3d Cir. 2014), but may not "re-weigh the evidence or impose [my] own factual determinations," Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Remand is appropriate only if ALJ error affected the outcome of the case.  See Rutherford, 399 F.3d at 553.

A treating physician's opinion is entitled "controlling weight" only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record.[3]  20 C.F.R. § 416.927(c)(2).  If a

---

[3]   Because Cobia-Knight filed her application for SSI on October 25, 2016, R. at 13, review of her treating medical source opinion is governed by 20 C.F.R. § 416.927(c)(2).  For claims filed on or after March 27, 2017, such opinions are evaluated under 20 C.F.R. § 416.920c.  See 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

treating physician's opinion does not merit controlling weight, the ALJ must apply the same method used for other types of medical opinions and weigh the opinion based on listed regulatory factors. 20 C.F.R. § 416.927(c)(2)(i)–(ii), (c)(3)–(6) (length and frequency of the treatment relationship, "nature and extent of the treatment relationship," the opinion's "supportability" and consistency with the record as a whole, the opining physician's specialization, and factors such as the opining physician's familiarity with the standards of the Social Security program). However, an ALJ may "reject a treating physician's opinion outright" if it is contradicted by medical evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008).

Dr. Sachin Mehta, Cobia-Knight's treating physician, concluded she has "no useful ability to function"[4] in all areas needed for unskilled work except for her ability to remember work-like procedures, understand and remember very short and simple instructions, carry out very short and simple instructions, make simple work-related decisions, and ask simple questions or request assistance, which he determined Cobia-Knight would be "unable to meet competitive standards."[5] R. at 368. Dr. Tommy Davis, Cobia-Knight's consultative examiner, determined she is not limited in her ability to understand, remember, or carry out simple instructions; is mildly limited in her ability to make judgements on simple work-related decisions; is markedly limited in her ability to make judgements on complex work-related decisions; and is markedly limited in her ability to respond to usual work situations and changes in a routine work setting.

---

[4] The Mental Medical Source Statement explains that a claimant has "no useful ability to function" if they cannot perform the activity on a regular, reliable, and sustained schedule in a regular work setting. R. at 368.

[5] The Mental Medical Source Statement explains that a claimant is "unable to meet competitive standards" if they have noticeable difficulty for 21-to-40 percent of the workday or work week. R. at 368.

3

Id. at 291–92.  Dr. Henry Weeks, the state agency's psychological consultative examiner, concluded Cobia-Knight has moderate limitations with understanding, remembering, and applying information; mild limitations with concentrating, persisting, and maintaining pace; and, as a result, can carry-out simple instructions, make simple decisions, complete simples tasks, communicate effectively, and interact appropriately with others.  Id. at 91–100.

After reviewing Cobia-Knight's record, the ALJ awarded "little weight" to Dr. Mehta's opinion, "partial weight" to Dr. Davis's opinion, and "significant weight" to Dr. Weeks's opinion.  Id. at 21–23.  The ALJ gave Dr. Mehta's and Dr. Davis's highly restrictive findings little weight because she found them inconsistent with substantial objective medical evidence and Cobia-Knight's self-reported activities.  Id. at 22–23.  She explained that finding Cobia-Knight to be severely limited in her ability to perform any type of simple activity is inconsistent with the objective medical evidence because Cobia-Knight's mental status examinations overwhelmingly found that she presented with normal perceptions, appropriate cognition, normal speech, logical and goal-directed thought processes, fair insight, and fair judgment, and because testing showed that she could perform simple calculations with ease and count to twenty by series of three.  Id. at 16–18, 20–23 (citing id. at 307, 316, 323, 328, 333, 336–37, 339–40, 345–347, 408, 425).  The ALJ also explained that such highly restrictive finding were inconsistent with Cobia-Knight's self-reported abilities because Cobia-Knight admitted she was able to independently use Uber and Lyft car services, manage her own medication regimen and medical appointments, shop for beauty supplies, use Facebook, and watch or listen to television.  Id. 16–18, 20–23 (citing id. at 39, 52, 50, 57–58).

The ALJ gave Dr. Weeks's and Dr. Davis's less-restrictive findings significant weight because she found them consistent with substantial evidence in the record.  Id. at 21–23.  Citing

4

the same mental status examinations and self-reported actives discussed above, the ALJ concluded that the record supported finding Cobia-Knight moderately limited in her ability to perform simple work-related tasks. Id.  An independent review of the record reveals further evidence demonstrating that Cobia-Knight is only moderately limited in her ability to perform simple work-related tasks.  During her outpatient treatment at Belmont Behavioral Health from 2016–18, Cobia-Knight reported traveling for the holidays, taking care of her stepmother's home after her stepmother suffered a broken wrist, going on vacations, and taking her son shopping for clothes. Id. at 400–03, 401, 413, 424.

Cobia-Knight argues the ALJ's decision is not supported by substantial evidence because her mental status examinations also noted that she presented with guarded psychomotor behavior and dysphoric, blunted, anxious, and/or labile affect.  Pl. Br. at 8.  I disagree.  Because the ALJ cited significant objective evidence and clearly explained her reasons for giving little weight to Dr. Mehta's and Dr. Davis's highly restrictive findings, the ALJ's decision is supported by substantial evidence.  See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 148 (3d Cir. 2007). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ]'s decision so long as the record provides substantial support for" it.  Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 763–64 (3d Cir. 2009).

Although the ALJ did not explicitly address each regulatory factor—i.e., length, frequency, nature, and extent of each physician's treatment relationship—consideration of those factors would not have weighed in favor of Dr. Mehta or Dr. Davis.  See Brownawell, 554 F.3d at 355 (an ALJ may reject a treating physician's opinion solely because of contradictory medical evidence).  Thus, any error is harmless and the ALJ's failure to discuss those regulatory factors does not warrant remand.  See Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 767 (3d Cir.

2016) (affirming ALJ opinion despite harmless error).

II.     Consistency Analysis

An ALJ's assessment of a claimant's subjective symptoms is a two-step process. 20 C.F.R. § 416.929; SSR 16-3P, 2016 WL 1119029, at *3–4. First, a claimant must establish a medically determinable impairment capable of causing the alleged symptoms. 20 C.F.R. § 416.929(b). Second, the ALJ must evaluate the intensity and persistence of the symptoms in light of the available evidence and determine the extent to which they limit claimant's ability to work. Id. § 416.929(c)(3). The ALJ must determine whether a claimant's reported symptoms are "consistent with the objective medical evidence and other evidence of record," SSR 16-3p, 2016 WL 1119029, at *7, and this analysis must be supported by substantial evidence, see, e.g., Roth v. Berryhill, No. 17-1875, 2019 WL 1417196, at *8 (M.D. Pa. Mar. 13, 2019) (affirming ALJ decision where subjective symptom analysis supported by substantial evidence); Fligger v. Berryhill, No. 17-1187, 2018 WL 6338328, at *1 n.1 (W.D. Pa. Sept. 20, 2018).

Cobia-Knight claims fatigue prevents her from being able to perform sustained work. Pl. Br. at 14. She argues the ALJ erred by failing to address her reported symptoms and limitations. Pl. Br. at 10–13. I disagree.

The ALJ supported her RFC determination and medical opinion decisions with substantial evidence. She was required to give only some indication of the evidence she rejected and explain her reason(s) for discounting such evidence, which she did. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ was not required to credit Cobia-Knight's subjective complaints. See Chandler, 667 F.3d at 362. Although Cobia-Knight argues otherwise, the ALJ clearly indicated that Cobia-Knight's alleged fatigue symptoms were inconsistent with her

mental status examinations, self-reported activities, and medical opinions.  See, e.g., R. at 17 ("[Cobia-Knight alleged that she . . . has difficulty sleeping . . . . Yet, . . . mental status examination findings throughout the record demonstrated . . . fair insight, and fair judgment."); see also Salles, 229 F. App'x at 148.  For instance, the ALJ determined that Cobia-Knight's claim that she is in bed "every day, all day" is not consistent with her self-reported activities, see R. at 17, i.e., vacationing, shopping, and traveling for the holidays, see id. at 57–58, 400–03, 401, 413, 424.

An appropriate Order accompanies this opinion.